## Michael E. Sweeney *vs.* Boston Five Cents Savings Bank.

Suffolk. Nov. 11, 1873, Nov. 12, 1874.— Dec. 3, 1874.

A man who deposits money in a savings bank in the name of his wife, and has the bank book therefor made in her name and delivered to her, cannot maintain an action against the bank for its refusal to pay the money to him.

Contract to recover money deposited by the plaintiff with the defendant in the name of Mary E. Sweeney, the plaintiff's wife, but alleged to belong to the plaintiff. Trial in the Superior Court, before *Pitman*, J., who reported the case, after verdict, for the determination of this court, in substance as follows :

The plaintiff testified that before the first deposit of the aggregate sum now claimed, he had $1000 deposited in his own name in the defendant bank, and that he knew he could not deposit any more in that way ; that his wife asked him if he would deposit in her name ; that he asked her if she would be willing to draw it when he wanted it, and that she said she would ; that upon the occasion of the first deposit he went with her to the bank and deposited it as his own money, but in her name; that the subsequent deposits were all made upon the same account, and were made by him personally, except that it might be that his wife made one while he was sick; that the money was all his own ; that his wife had the bank book locked up in her trunk for safe keeping, with his own, during all the time, but that he had it when wanted; that since the last deposit he and his wife had separated and she had retained the book ; that before suit he had notified the defendant that the money was his, and not to pay it to

the wife, and demanded the same ; and that the defendant declined to pay without the production of the bank book.

It appeared that the wife, at the time of the first deposit, when the husband was with her, signed the usual agreement to conform to the by-laws of the bank, one of which provided that "no person shall receive any part of his principal or interest, without producing the original book, that such payments may be entered therein."

Upon this evidence, the judge ruled that the action could not be maintained ; and directed a verdict for the defendant.

The case was argued in November, 1873, and reargued in November, 1874.

*A. R. Brown*, for the plaintiff.

*C. F. Kittredge*, for the defendant.

AMES, J.    We do not find, upon the facts stated in this report, any ground for the conclusion that the defendant corporation made any express contract with the plaintiff, or made itself liable to him, under any implied contract, for the payment of any portion of the deposit in question.    On the contrary, upon the occasion of the first deposit, he went in company with his wife to the bank, and the money, though furnished by him, was entered in the defendant's books as her money, and the book, which is the appropriate evidence of the deposit, was delivered to her, and purports on its face to be her property.    The book is evidence of a contract of the defendant with her ; and it appears from the report that this contract was made with his sanction and concurrence.    The subsequent deposits, though made by him and with funds belonging to him, were nevertheless entered in the defendant's accounts as her deposits, and were credited to her and in her book with his authority.    It does not appear that the defendant was notified that he claimed the money as his own, or was informed that there was any understanding between him and her that the money was to be subject to his control until after the deposits were all made.

Upon this state of the case, proof that it was his money, and that he never intended to give it to his wife, is not sufficient to make out an implied promise to return it to him.    It was received by the defendant under an express promise to account for it to her, or to such person as she shall appoint, upon the production

of the deposit book. The case does not make it necessary to con-sider what circumstances will excuse the owner of a deposit from the actual production of the deposit book, or whether he may re-cover upon proof of its loss, upon giving proper indemnity, as in the case of a lost promissory note. The difficulty in the plain-tiff's case is not that he has lost the book, or that it is wrongfully taken from him, but that it is not his book. On the contrary, so far as the defendant corporation is concerned, it is rightfully in the hands of the party in whose name it was made out, and who is the only person with whom the defendant has made any contract upon which it can be called to account. This contract was ex-pressly made with the plaintiff's wife, by his authority, and in fact by his procurement. It is not a case, therefore, of a princi-pal seeking to avail himself of a contract made with his agent in the name of the agent. The deposits were not made by the wife for the benefit of the husband, and as his agent, but by the hus-band, upon an express contract that they should be paid to the wife. In this respect the case differs from *McCluskey* v. *Provi-dent Institution for Savings*, 103 Mass. 300.

*Judgment on the verdict for the defendant.*